IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CALVIN D. HOWARD,

                Plaintiff,

     v.                                    CASE NO. 07-3280-SAC

AL AUGUSTINE, et al.,

                Defendants.

### O R D E R

This matter is before the court on a complaint filed under 42 U.S.C. § 1983 by a prisoner while confined in the Saline County Jail in Salina, Kansas.[1] Plaintiff proceeds pro se and seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915.

A prisoner seeking to bring a civil action without prepayment of the district court filing fee is required to submit an affidavit that includes a statement of all assets, a statement of the nature of the complaint, and the affiant's belief that he is entitled to redress, 28 U.S.C. § 1915(a)(1), and to submit a certified copy of the inmate's institutional account for the six months immediately preceding the filing of the action from an appropriate official from each prison in which the inmate is or was incarcerated, 28 U.S.C. § 1915(a)(2). Plaintiff's motion reflects that he has no financial assets, but the required certified financial information from the Saline County jail is not provided. Under the circumstances, which

---

[1] Plaintiff is currently incarcerated in a Kansas correctional facility.

include plaintiff's present incarceration in a state correctional facility rather than in the Saline County jail, the court imposes no initial partial filing fee at this time due to plaintiff's limited resources, and grants plaintiff leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(b)(4)(where inmate has no means to pay initial partial filing fee, prisoner is not to be prohibited from bringing a civil action).  Plaintiff remains obligated to pay the full $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

Plaintiff states he was assaulted by Officer Henry when that officer tried to break up an altercation between plaintiff and another prisoner.  Plaintiff reports that he fell when the officer's choke hold was released and that he sustained injuries to his teeth, shoulder, and elbow.  Plaintiff also claims he was subjected to racial comments and threats by two jail officers, and claims three nurses denied medical and dental attention for plaintiff's injuries.

A constitutionally cognizable claim under 42 U.S.C. § 1983 must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).  Having reviewed plaintiff's allegations, the court finds no claim is stated upon

which relief can be granted under 42 U.S.C. § 1983.

Plaintiff acknowledges that Officer Henry acted to restore order, and does not allege the officer used excessive force in doing so. Instead, plaintiff seeks damages for accidental injuries resulting from his fall from the officer's choke hold. Plaintiff's allegations make no showing that force was applied "maliciously and sadistically to cause harm" rather than in a "good-faith effort to maintain or restore discipline," Hudson v. McMillian, 503 U.S. 1, 6 (1992), thus no claim of constitutional deprivation against Officer Henry is stated.

Plaintiff's allegations of inappropriate and insensitive racial remarks by two jail officers are insufficient to state any cognizable constitutional claim. The remarks cited by plaintiff, assumed as true for the purpose of screening plaintiff's complaint, are unprofessional but they are not sufficient to state a constitutional violation under 42 U.S.C. § 1983. *See* McBride v. Deer, 240 F.3d 1287, 1291 (10th Cir. 2001)(taunts and threats are not an Eighth Amendment violation); Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)(mere verbal harassment or abuse is insufficient to state a constitutional claim).

And finally, plaintiff's allegations that three nurses failed to provide medical treatment for his injuries are insufficient to state a claim for relief under 42 U.S.C. § 1983. To state a cognizable constitutional claim for the denial of treatment for an obvious medical need, plaintiff must allege omissions or acts sufficiently harmful to suggest deliberate indifference to serious medical needs. *See* Estelle v. Gamble, 429 U.S. 97, 105 (1976). In the present case, however, plaintiff acknowledges medical attention

3

was provided, but argues the medication provided was not effective enough. Plaintiff's disagreement with the treatment provided does not itself state a constitutional violation, but constitutes, at most, a medical malpractice claim which may be cognizable in a state court but not in a federal § 1983 action. Id. at 106-07; Ledoux v. Davies, 961 F.2d 1536 (10th Cir. 1992).

Accordingly, for the reasons stated herein the court directs plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief against any of the defendants named in the complaint. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").[2] The failure to file a timely response may result in the complaint being dismissed for the reasons stated by the court without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed in forma pauperis, with payment of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed as

---

[2] Plaintiff is advised that dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) will count as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

stating no claim for relief.

A copy of this order is to be provided to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 13th day of February 2008 at Topeka, Kansas.


 s/ Sam A. Crow
 SAM A. CROW
 U.S. Senior District Judge