IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CALVIN D. HOWARD,**

      **Plaintiff,**

  v.            CASE NO. 07-3280-SAC

**AL AUGUSTINE, et al.,**

      **Defendants.**

### O R D E R

  Plaintiff, a prisoner now incarcerated in a Kansas correctional facility, proceeds pro se and in forma pauperis on a complaint filed under 42 U.S.C. § 1983 while he was a prisoner in the Saline County Jail in Salina, Kansas. Plaintiff alleges he was assaulted by Officer Henry who tried to break up an altercation between plaintiff and another prisoner, and sustained injuries to his teeth, shoulder, and elbow when the officer's choke hold was released. Plaintiff also claims he was subjected to racial comments and threats by two other jail officers, and claims three nurses denied medical and dental attention for plaintiff's injuries.

  By an order dated February 27, 2008, the court directed plaintiff to show cause why the complaint should not be dismissed because plaintiff's allegations were insufficient to state a cognizable claim upon which relief could be granted under 42 U.S.C. § 1983.  *See*  28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, the court noted that Officer Henry acted to restore order, that plaintiff did not allege the officer used excessive force in doing so, that plaintiff was seeking damages for accidental injuries

resulting from his fall from the officer's choke hold, and that plaintiff's made no showing that force was applied "maliciously and sadistically to cause harm" rather than in a "good-faith effort to maintain or restore discipline." Hudson v. McMillian, 503 U.S. 1, 6 (1992). The court further found plaintiff's allegations of inappropriate and insensitive racial remarks by two jail officers were insufficient to state any cognizable constitutional claim, and found plaintiff's disagreement with the medical treatment provided for his injuries was insufficient to state a claim for relief under 42 U.S.C. § 1983.

When plaintiff filed no response to the show cause order, the court dismissed the complaint on March 11, 2008, as stating no claim for relief.

Before the court is plaintiff's motion to reopen his case. Plaintiff states that due to being transferred many times he did not receive the February 13, 2008, show cause order until March 17, 2008, which was four days after the court dismissed the complaint. He further clarifies he is seeking $3.5 million in damages, claims Officer Henry was not acting in good faith, contends his injuries would not have resulted from an accidental fall, and broadly refers to misconduct in the past and future by this officer and other jail staff. Plaintiff does not address any of the reasons stated by the court for dismissing all other defendants named in the complaint.

Because plaintiff filed his motion on April 2, 2008, it is treated as a motion filed under Rule 60(b) of the Federal Rules of Civil Procedure, seeking relief from judgment entered in this matter on March 11, 2008. See Weitz v. Lovelace Health System Inc., 214 F.3d 1175, 1178 (10th Cir. 2000).

Rule 60(b) provides in relevant part that:

"On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. A Rule 60(b) motion provides extraordinary relief which may be granted "only in exceptional circumstances."

Amoco Oil Co. v. United States Environmental Protection Agency, 231 F.3d 694, 697 (10th Cir. 2000). The decision to grant such relief "is extraordinary and may only be granted in exceptional circumstances." Servants of the Paraclete v. Does, 204 F.3d 1005, 1009 (10th Cir. 2000)(*quotation marks omitted*).

Having reviewed the record, the court denies plaintiff's motion. Rule 5.1(c) of the Rules of Practice and Procedure for the District of Kansas which requires that "[e]ach...party appearing pro se is under a continuing duty to notify the clerk in writing of any change of address or telephone number. Any notice mailed to the last address of record of an attorney or a party appearing pro se shall be sufficient notice." The court finds plaintiff's failure to comply with this court rule or to advise the court he was in transit

3

and unable to receive court mail regarding his case, and plaintiff's expanded allegations and conjecture regarding his fall, provide no good cause or "exceptional circumstances" warranting relief under Rule 60(b).

IT IS THEREFORE ORDERED that plaintiff's motion to reopen this matter (Doc. 8) is denied.

**IT IS SO ORDERED.**

DATED:  This 20th day of January 2009 at Topeka, Kansas.

<pre>
 s/ Sam A. Crow          
SAM A. CROW
U.S. Senior District Judge
</pre>